95 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William E.H. TAGUPA, Plaintiff-Appellee,
v.
Franklin ODO, individually and officially as Director,
Ethnic Studies Program, University of Hawaii at Manoa;
Richard Dubanoski, officially as Dean, College of Social
Sciences, University of Hawaii at Manoa; Board of Regents,
University of Hawaii, Defendants-Appellants.
 No. 94-16898.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1996.
Decided Aug. 8, 1996.
 
 Before: FLETCHER, D.W. NELSON, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendants, officials in their public and individual capacities, and the Board of Regents of the University of Hawaii, a state agency, bring this interlocutory appeal from the denial of summary judgment on qualified immunity grounds, and the partial denial of summary judgment on Eleventh Amendment sovereign immunity grounds. We reverse and remand with instructions to grant complete summary judgment for the defendants.
 
 I. BACKGROUND
 
 3
 The University of Hawaii is a public institution governed by its Board of Regents. Franklin Odo is the Director of the Ethnic Studies Program at the University's Manoa branch, and Richard Dubanoski is the Dean of the College of Social Sciences at the Manoa branch.
 
 
 4
 In March 1991, the Ethnic Studies Program began a search to fill a full-time, tenure track assistant professor position. Odo chaired the selection committee. Three persons applied: Marion Kelly, a female of Polynesian (Cook Island) and Caucasian ancestry; Robert Morris, a male of Caucasian ancestry; and William E.H. Tagupa, a male of Filipino, Hawaiian, and Caucasian ancestry. Kelly had been teaching in the Ethnic Studies Program for 19 years. After interviewing all three candidates and reviewing their application materials, the selection committee offered the position to Kelly, who accepted.
 
 
 5
 In July 1991, Tagupa filed a complaint with the Office of Federal Contract Compliance Programs ("OFCCP"), alleging that the selection committee had discriminated against him on the basis of race and gender. In March 1992, the OFCCP issued a report concluding that the selection committee hired Kelly "because she was more qualified than the complainant."
 
 
 6
 In April 1993, Tagupa filed this employment discrimination action in Hawaii state court against Odo in his individual capacity, against Odo and Dubanoski in their official capacities, and against the Regents. The defendants removed the action to federal district court and moved for summary judgment on the grounds of qualified immunity and Eleventh Amendment sovereign immunity. In October 1994, the district court granted summary judgment in part and denied summary judgment in part. First, it held that qualified immunity did not bar Tagupa's action against Odo in his individual capacity. Second, it held that sovereign immunity barred Tagupa's action against the Regents and against Odo and Dubanoski in their official capacities, but only as to monetary damages, not injunctive relief. The defendants bring this interlocutory appeal from the adverse portions of both decisions.
 
 II. DISCUSSION
 
 7
 We have jurisdiction over interlocutory appeals from the denial of qualified immunity and Eleventh Amendment sovereign immunity. Mitchell v. Forsyth, 472 U.S. 511, 524-30 (1985) (qualified immunity); Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139 (1993) (sovereign immunity). We review the denial of qualified immunity and sovereign immunity de novo. Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993) (qualified immunity); Micomonaco v. State of Washington, 45 F.3d 316, 319 (9th Cir.1995) (sovereign immunity).
 
 
 8
 Qualified immunity bars Tagupa's action against Odo in his individual capacity. Qualified immunity "requires a two-part analysis: 1) Was the law governing the official's conduct clearly established? 2) Under that law, could a reasonable [official] have believed the conduct was lawful?" Act Up!, 988 F.2d at 871. See also Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (qualified immunity turns on "the objective reasonableness of an official's conduct"). No one suggests that the law was not well established: in the employment context state officials cannot discriminate on the basis of race or gender.
 
 
 9
 The conduct that Tagupa claims demonstrated discrimination against him on the basis of race and gender is the following: Odo "removed" the requirement of a Ph.D. degree; Odo was more impressed by Morris's legal experience than Tagupa's; Odo made a statement that Kelly is one of few non-Hawaiians that the leaders of the Hawaiian community would trust and that "they don't trust many Hawaiians"; Kelly was selected. It is undisputed that: None of the applicants had Ph.D. degrees; Morris was the only applicant with legal experience working with Legal Aid and Hawaiian land problems; Tagupa did not have such experience; Kelly had 19 years experience teaching the courses required to be taught; she had published extensively and had many recommenders; Tagupa did not have similar experience, publications or support.
 
 
 10
 We credit Tagupa with all his claims in respect to what was said and done. Having done that we conclude, a reasonable person in Odo's position would not believe he had done anything unlawful. In short, Odo's actions were objectively reasonable in light of clearly established law.
 
 
 11
 We have jurisdiction to grant qualified immunity although this is an interlocutory appeal. We have not decided "a fact-related dispute about the pretrial record," such as "whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial." Johnson v. Jones, --- U.S. ----, ----, 115 S.Ct. 2151, 2153 (1995) (emphasis in original). "Johnson permits petitioner to claim on appeal that all of the conduct which the District Court deemed sufficiently supported for purposes of summary judgment met the Harlow standard of 'objective legal reasonableness.' " Behrens v. Pelletier, --- U.S. ----, ----, 116 S.Ct. 834, 842 (1996). We simply hold that all of the conduct alleged by Tagupa and accepted as true for the purposes of this appeal was objectively reasonable in light of existing law.
 
 
 12
 Sovereign immunity accorded by the Eleventh Amendment bars any action by Tagupa in federal court against the Regents: "the University of Hawaii ... and the board of regents ... are clearly immune as agencies of the state." Hall v. State of Hawaii, 791 F.2d 759, 761 (9th Cir.1986). This bar against suing the agencies of a state applies equally to retrospective monetary relief and to prospective injunctive relief. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984) (citing Missouri v. Fiske, 290 U.S. 18, 27 (1933)).
 
 
 13
 Sovereign immunity precludes any action by Tagupa against Odo and Dubanoski in their official capacities that seeks monetary damages. Edelman v. Jordan, 415 U.S. 651 (1974). While sovereign immunity does not bar an action against individuals in their official capacities that seeks prospective injunctive relief, Standard Alaska Prod. Co. v. Schaible, 874 F.2d 624, 626 (9th Cir.1989) (citing Ex parte Young, 209 U.S. 123, 159-60 (1908)), cert. denied, 495 U.S. 904 (1990), no equitable relief is possible where, as here, the actions of the state officials were objectively reasonable in light of existing law. See Papasan v. Allain, 478 U.S. 265, 277 (1986) (Young 's exception to sovereign immunity "has been tailored to conform as precisely as possible to those specific situations in which it is 'necessary to permit the federal courts to vindicate federal rights and hold state officials responsible to "the supreme authority of the United States." ' ") (quoting Pennhurst, 465 U.S. at 105 (quoting Young, 209 U.S. at 160)).
 
 III. CONCLUSION
 
 14
 We hold that qualified immunity bars Tagupa's action against Odo in his individual capacity, and that Eleventh Amendment sovereign immunity bars Tagupa's action against the Regents and against Odo and Dubanoski in their official capacities as to all relief, whether monetary or injunctive. We accordingly reverse and remand with instructions to grant the defendants' motion for summary judgment on the grounds of qualified immunity and sovereign immunity.
 
 
 15
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3