133 F.3d 929
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William E.H. TAGUPA, Plaintiff-Appellant,
v.
Franklin ODO, individually and officially as Director,
Ethnic Studies Program, University of Hawaii, Manoa;
Richard Dubanoski, officially as Dean of the College of
Social Sciences, University of Hawaii, Manoa; Board of
Regents, University of Hawaii, Defendants-Appellees.
 No. 96-17280.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1997.
Decided Jan. 7, 1998.
 
 Before REINHARDT, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff, Willam Tagupa pleads several discrimination claims arising out of the denial of his application for a tenure-track professor position in the Ethnic Studies Program at the University of Hawaii, Manoa. We hold that the law of the case precludes all of his claims except for those arising out of the alleged violation of the Vietnam Era Veteran's Readjustment Assistance Act (VEVRA), 38 U.S.C. § 4212. As to those claims, we affirm the district court's grant of summary judgment.
 
 II
 
 3
 In 1991, the Ethnic Studies Program announced a vacancy for a full-time, tenure-track position Tagupa, a male of Hawaiian, Filipino, and English ancestry and a Vietnam veteran, applied for the position. After considering the three applicants for the position, including Tagupa, the committee unanimously selected Marion Kelly, a female of Polynesian and Caucasian ancestry who had taught in the Ethnic Studies Program for nineteen years prior to her selection. Kelly was offered the position and accepted.
 
 
 4
 After being informed that he was not chosen, Tagupa filed a complaint with the Office of Federal Contract Compliance Programs (OFFCP), which found that the University did not violate any federal anti-discrimination laws and that Kelly was hired because she was more qualified than Tagupa. Tagupa filed a complaint in state court, and the defendants removed the action to the district court.
 
 
 5
 In his second amended complaint, Tagupa alleged that he was discriminated against on the basis of his race, sex, color, ancestry, and Vietnam veteran status in violation of 42 U.S.C. § 1981 and 1983, 38 U.S.C. § 1681-88 (Title IX), and various state laws. He named the Board of Regents of the University (the Regents), Franklin Odo, Chair of the Ethnic Studies Program, and Richard Dubanoski, Dean of the College of Social Sciences, as defendants. The district court granted the defendants' motion for summary judgment as to Tagupa's claims under Title VI, Title IX, VEVRA, and state law. The court also dismissed on Eleventh Amendment grounds the § 1981 and § 1983 claims for monetary damages against the Regents and against Odo and Dubanoski in their official capacities. The district court denied summary judgment on Tagupa's §§ 1981 and 1983 claims for injunctive relief against Odo, Dubanoski, and the Regents, and for monetary damages against Odo individually.
 
 
 6
 Defendants took an interlocutory appeal from the denial of both sovereign immunity and qualified immunity with respect to the claims on which the district court failed to grant summary judgment. In Tagupa v. Odo, No. 96-16898, 1996 WL 453149 (9th Cir.1996) (mem.) (Tagupa I ), we held that Odo was entitled to qualified Immunity because the law governing employment discrimination was clearly established and no reasonable person in Odo's position would have believed that he did anything unlawful. Second, we held that 11th Amendment sovereign immunity barred the actions for damages against the Regents and against Odo and Dubanoski in their official capacities. Finally, we determined that prospective injunctive relief would not be available against any of the defendants because the actions of the officials involved were objectively reasonable.
 
 
 7
 Tagupa now appeals the district court's initial grant of summary judgment for the defendants on his Title IV, Title IX, § 1981, and VEVRA claims.[1] We affirm.
 
 II.
 
 8
 In Tagupa I, this court determined that the defendants' actions were objectively reasonable in light of clearly established law and that the defendants did not discriminate against Tagupa on the basis of his race or gender. This holding precludes Tagupa's § 1981, Title VI, and Title IX claims because it forecloses the possibility that Tagupa can show discrimination as is required under each statute. See Fobbs v. Holy Cross Health System Corp., 29 F.3d 1439, 1446-47 (9th Cir.1994) (Title VI); North Haven Bd. of Ed. v. Bell, 456 U.S. 512, 535-40 (1982) (Title IX); Young v. Townsend, 100 F.3d 1437 (9th Cir.1996) (§ 1981).
 
 
 9
 Accordingly, only Tagupa's VEVRA § 4212 claims, which were not before us previously, remain. The same rationale that we applied to Tagupa's claims of race and gender discrimination are equally valid with respect to his claims under VEVRA. Crediting Tagupa "with all his claims in respect to what was said and done," we conclude that "a reasonable person in Odo's position would not believe he had done anything unlawful." Tagupa I, 1996 WL 453149, at * 2. "In short, Odo's actions were objectively reasonable in light of clearly established law." Id. As for any claims for injunctive relief that Tagupa may seek under VEVRA, no such "relief is possible where, as here, the actions of the state officials were objectively reasonable in light of existing law." Id.[2]
 
 
 10
 Accordingly, we AFFIRM the District court's grant of summary judgment as to all of Tagupa's claims.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 He does not appeal the grant of summary judgment with respect to his state law claims
 
 
 [2]
 We decide this appeal on the ground set forth rather than considering Tagupa's right to seek relief under VEVRA or § 1983 because neither of those issues has previously been considered in this circuit and the result on the merits is clear in light of our prior disposition, even though we did not consider the VEVRA claims at this time