STATE of Oklahoma, ex rel. Don ROBERTS, District Attorney Pittsburg County, Appellee,

v.

Reverend Jerry McDONALD and Calvary Boys Ranch, Appellants,

and

E.C. Phillips, Individually and Next Friend of Jimmy Phillips, a Minor, Defendant/Intervenor.

No. 69319.

Court of Appeals of Oklahoma, Division No. 1.

June 20, 1989.

Rehearing Denied July 18, 1989.

Certiorari Dismissed as Untimely Feb. 21, 1990.

Oscar L. Jenkins, Asst. General Counsel, Dept. of Human Services, Oklahoma City, for appellee.

Daniel John Loomis, Cleveland, Ohio, for appellants.

## MEMORANDUM OPINION

HUNTER, Presiding Judge:

Upon consideration of the briefs and record in the above styled matter, the Court finds as follows:

1. Appellants seek review of the trial court's summary judgment in favor of Appellee, granting injunctive relief to Appellee pursuant to 10 O.S.1981, § 409. The summary judgment was not applicable to the Defendant/Intervenor Phillips, and his cross-claim against Appellee is still pending before the trial court.

Appellee brought its action seeking to enjoin Appellants from the continued operation of the Calvary Boys Ranch because of their failure to obtain a license from the Department of Human Services, pursuant to 10 O.S.1981, § 405(a). Appellants admitted their operation of the Calvary Boys Ranch without the required state license, and further stated that they refused to obtain the required license. Appellants allege that the licensing requirement was unconstitutional as applied to churches, and that the Calvary Boys Ranch was a part of, and operated by the Calvary Baptist Church. Appellee moved for summary judgment based on Appellant McDonald's deliberate operation of Calvary Boys Ranch without the required state license, and that his admission constituted a prima facie violation of state law, thereby entitling Appellee to the requested injunctive relief. The trial court entered its memorandum decision which made numerous findings of fact and conclusions of law and found that there were no material issues of fact between Appellants and Appellee, and that Appellee was entitled to judgment as a matter of law.

2. Appellants contend the trial court erred in finding that as a matter of law, the required state license was not a violation of the free exercise clause contained in the First Amendment to the Constitution of the United States. Appellants allege that this is a fact question, not suitable for summary judgment. Title 10 O.S.1981, § 405(a) provides in part:

"No child care facility may be operated or maintained after June 30, 1964, unless licensed by the Department; .... No new child care facility may be established without the prior approval of the Department which shall be granted only after the Department is satisfied that such facility will meet known needs for the services proposed to be provided and that the facility will meet minimum standards for a license to operate."

Title 10 O.S.1981 § 404(a) provides in part:

"These standards shall include requirements for a constructive program and services to meet the needs of each child and family; staff of good moral character and ability for child care; adequate and safe housekeeping, sanitation, and equipment; good health care; full educational and religious opportunities; good community relationships; essential records and administrative methods; and sufficient funds for sound operation."

■ Appellants' admissions of their failure to obtain the required license, and of their intent not to obtain the required license, are a clear violation of the Oklahoma Statutes. Therefore, no material issue of fact exists between the parties as to the Appellants' violation of the law. The question of whether the state statute violates the First Amendment's free exercise clause is a question of law properly decided by summary judgment.

■ The First Amendment's free exercise clause provides that congress shall make no law "prohibiting the free exer-

cise" of religion. Appellee contends that licensing of child care facilities does not violate Appellants' right to free exercise of religion. We agree. The free exercise clause provides an unqualified prohibition against government interference with religious beliefs. However, governmental regulation may lawfully impose an incidental burden on otherwise protected religious conduct. *Wisconsin v. Yoder*, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972). Appellants contend their failure to comply with the licensing requirement is based on their religious beliefs. A balancing test is employed by the courts to determine when government may regulate certain conduct prompted by religious beliefs or principles. *Yoder, supra.*

■ The trial court found that Appellants' exercise of their religious beliefs is subject to the state regulation requiring licensing of the Calvary Boys Ranch. The court further found that the state had not only the right but the duty to protect its minor citizens. Further, that the state must be particularly concerned with the welfare of the children in child care facilities where young children are completely controlled by and entirely dependent upon operators and employees for all of their needs. We agree with the trial court that the Appellee does have a compelling interest in protecting the children in child care facilities such as Calvary Boys Ranch. Further, that this compelling interest outweighs the burden imposed upon Appellants by the licensing requirements.

The free exercise clause simply cannot be understood to require the state to conduct its own internal affairs in ways that comport with the religious beliefs of particular citizens. *Bowen v. Roy*, 476 U.S. 693, 106 S.Ct. 2147, 90 L.Ed.2d 735 (1986). Appellants are requesting that the state exempt its licensing requirements for them, because of their religious beliefs. The trial court correctly refused to do so. Licensing and regulation of child care facilities are the least restrictive of the alternatives that the state could provide for the protection of children.

3. Appellants contend the trial court erred in finding as a matter of law, that the licensing requirement did not violate the establishment clause contained in the First Amendment to the Constitution of the United States. Again, Appellants argue that this question is a fact question, not suitable for summary judgment. The First Amendment's establishment clause provides that congress shall make no law "respecting an establishment of religion...."

■ The United States Supreme Court has enunciated a three-pronged test to determine whether governmental action violates the establishment clause; (1) the statute must have a secular legislative purpose; (2) the state's principle or primary effect must be one that neither advances or inhibits religion; and (3) the statute must not foster excessive governmental entanglement with religion. *Lemon v. Kurtzman*, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971). The purpose of the establishment clause is to protect against state sponsorship, financial support, and active involvement in religious activity. *Walz v. Tax Commission*, 397 U.S. 664, 90 S.Ct. 1409, 25 L.Ed.2d 697 (1970). This three-pronged test has been adopted by our Supreme Court to determine whether required adherance to state regulations violates the establishment clause. *Tulsa Area Hospital Council v. Oral Roberts*, 626 P.2d 316 (Okla.1981). Under the three-part test the Appellee's licensing requirements must have reflected a clearly secular purpose; have had a primary effect that neither advanced nor inhibited religion; and have avoided excessive government entanglement with religion. *Tulsa Area Hospital Council, supra.*

■ The application of the three-part test to Oklahoma's licensing requirements does not result in any establishment clause infringements. The statutes on their face clearly reflect a secular purpose, to protect minor children in child care institutions and homes, by requiring compliance with minimal standards for licensing. The statute's primary purpose neither advances nor inhibits religion or religious practices. The licensing requirements are regulations of

child care institutions for the State of Oklahoma, with the primary effect of establishing uniform minimum child care standards. The statutes have avoided excessive government entanglement with religion. We agree with the trial court's finding that simply requiring a license to operate a child care facility does not constitute excessive entanglement of the government into the religious practices of the Appellants. We further agree with the trial court's finding that the licensing requirements are not an unconstitutional entanglement, but the mere performance of a compelling state duty in protecting its minor citizens, who are in a particularly vunlerable situation without the protection of a parent.

4. Appellants contend the trial court erred in determining as a matter of law, that the requirement of licensure does not violate other fundamental rights of Appellants. Appellants argue that the question of violation of their freedom of speech, parental rights, freedom of association, and equal protection, are all questions of fact which cannot be determined by summary judgment. This is basically the same argument as presented by Appellants in their propositions of error discussed above. The trial court found as a matter of law that the requirement of licensure did not violate Appellants' freedom of association, freedom of speech, due process, nor equal protection of the law; nor did it impinge upon Appellants' fundamental right to raise their children according to the dictates of their faith. We agree with the trial court.

5. Based on the record before it, the trial court granted summary judgment to Appellees and enjoined Appellants from operation of the Calvary Boys Ranch without a state license. The trial court found there were no material issues of fact between the parties, and that as a matter of law, the licensing requirements did not violate First Amendment Constitutional rights of Appellants. Summary judgment was formulated to allow prompt disposition of cases in which material facts are not in dispute and in which a court could decide the case as a matter of law. *Martin v. Chapel, Wilkinson, Riggs and Abney,* 637 P.2d 81 (Okla.

1981). The record supports the summary judgment entered by the trial court.

For the reasons stated above, the judgment of the trial court is AFFIRMED.

HANSEN and MacGUIGAN, JJ., concur.