1999 OK CIV APP 19

**STATE of Oklahoma ex rel. STATE BOARD OF EMBALMERS AND FUNERAL DIRECTORS, Plaintiff/Appellant.**

v.

**The STONE CASKET COMPANY OF OKLAHOMA CITY, Defendant/Appellee.**

**No. 90,123.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 2, 1998.

Rehearing Denied Nov. 9, 1998.

Certiorari Denied Feb. 2, 1999.

W.A. Drew Edmondson, Attorney General of Oklahoma, Joseph L. McCormick, IV, Assistant Attorney General, Oklahoma City, Oklahoma, For Plaintiff/Appellant.

Melvin R. McVay, Jr., Heather L. Hintz, Phillips, McFall, McCaffrey, McVay & Murrah, Oklahoma City, Oklahoma, For Defendant/Appellee.

## OPINION

GARRETT, Judge:

¶ 1 Appellee, The Stone Casket Company of Oklahoma City, was selling caskets directly to the public. Appellant, The State of Oklahoma ex rel. State Board of Embalmers and Funeral Directors, filed an action for injunction and an application for temporary restraining order against the Casket Company alleging it was unlicensed, and therefore was violating 59 O.S.1991 § 396.6.[1] The court issued a temporary restraining order (TRO), restraining Casket Company from selling caskets. Casket Company sought to dissolve the TRO and filed an answer to the petition seeking to establish the unconstitutionality of 59 O.S.1991 §§ 396.2(2)(d), 396.3a(1)(c), and 396.6(A)[2]. It was uncontroverted at trial that Casket Company was solely in the business of selling caskets to the public, and did not otherwise engage in the care and preparation of human remains for burial. Casket Co. contended the statutes violate both the Oklahoma and United States Constitutions. Upon hearing, the court found the above statutes to be unconstitutional pursuant to Oklahoma Constitution, Art. 2, Sec. 2,[3] insofar as the statutes required a person to be licensed to sell caskets and dissolved the temporary restraining order. The court found there was no compelling state interest

---

1. That statute provides in pertinent part:
 A. No person shall operate a funeral establishment or limited service establishment, engage in the sale of any funeral service merchandise to the public, provide funeral services, carry on the business or profession of embalming or funeral directing or perform any of the functions, duties, or powers prescribed for funeral directors or embalmers pursuant to the provisions of the Funeral Services Licensing Act unless such person has obtained the license specified by rules and regulations promulgated pursuant to the Funeral Services Licensing Act and has otherwise complied with the provisions of the Funeral Services Licensing Act. Said license shall be nontransferable and nonnegotiable. (Footnote omitted).

2. 59 O.S.1991 § 396.2(2)(d) provides:

2. "Funeral director" means a person who:
 * * *
 d. sells funeral service merchandise ·to the public;
 59 O.S.1991 § 396.3a(1)(c) provides:
 The following persons, professions and businesses shall be required to be licensed pursuant to the Funeral Services Licensing Act:
 1. Any person engaged or who may engage in:
 * * *
 c. the sale of any funeral service merchandise, or

3. Art. 2, Sec. 2 provides:
 All persons have the inherent right to life, liberty, the pursuit of happiness, and the enjoyment of the gains of their own industry.

which would require a person who is solely in the business of selling caskets to meet the same qualifications as funeral directors or embalmers or to be held to the same standards which the State requires of funeral directors. State Board's motion to reconsider was denied. The State Board also sought a stay of the court's order declaring § 396.6 unconstitutional. The stay was granted. The court found its order to be final for purposes of appeal.

¶ 2 State Board contends the court erred in finding the above statutes unconstitutional and, the court abused its discretion in denying State's request for an injunction to enforce them against Casket Company. The Equal Protection Clause of the Fourteenth Amendment requires that no state "deny to any person within its jurisdiction the equal protection of the laws." The Equal Protection Clause requires only that the classification "rationally further a legitimate state interest" unless a classification "jeopardizes exercise of a fundamental right" or it "characterizes based upon an inherently suspect characteristic." *Nordlinger v. Hahn,* 505 U.S. 1, 112 S.Ct. 2326, 120 L.Ed.2d 1 (1992) (citing *Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985); *New Orleans v. Dukes,* 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976)).

 ¶ 3 We hold there is no overriding fundamental right jeopardized and no suspect class is involved. We must determine whether the statutes, insofar as they affect a citizen's right to sell caskets, rationally furthers a legitimate state interest. We hold the statutes do, and therefore the lower court's finding of unconstitutionality is reversed. The State has a legitimate interest in regulating funeral services because those services relate to the preparation and disposal of human remains. Such laws protect the public health and safety of the citizens of Oklahoma. Caskets are directly involved in the burial of human remains. A casket is a

part of the funeral service business and cannot be separated as an independent item. The casket, in which human remains are buried directly impacts sanitation.[4] The State may enact laws which protect the public's health and welfare and which protect the environment. *State of Oklahoma v. McDonald,* 1989 OK CIV APP 35, 787 P.2d 466. In *Ex parte Herrin,* 67 Okla.Crim. 104, 93 P.2d 21, 1939 OK CR ——, the Court upheld legislation that directly affected the health and safety of the public and held that professions which affect the same may be regulated under the police power of the State. Here, the State showed a rational relationship and a legitimate state interest which would require such licensing. The court's judgment that the statutes requiring licensing are unconstitutional must be reversed. Licensing is one of the proper and much used methods of enforcing safety and sanitation rules.

¶ 4 The State contends the trial court erred when it relied upon early equal protection cases and urges us to consider only more recent cases. Since we hold that the manufacture and sale of caskets is part and parcel of the funeral service business, and regulating that business and licensing qualified persons engaged therein is a proper exercise of the police power of the State, we need not consider that issue further. We reverse with directions to the lower court to enter judgment for State Board against Casket Company as prayed, which includes the requested injunction.

REVERSED AND REMANDED.

JOPLIN, P.J., concurs.

CARL B. JONES, V.C.J., dissents.

---

4. Theoretically, the Oklahoma public could obtain the same casket sold by Casket Company from telephone sales by out of state casket sellers or, sales via the Internet without either of these sellers being licensed by the State of Oklahoma. It is apparent to this Court that the State of Oklahoma may prohibit the importation into this state of contraband property. This certainly includes caskets which may not comply with construction requirements and fail to prevent contamination of the environment. Licensing is a proper method for enforcement of safety and health rules.