**CASKET ROYALE, INC. Plaintiff**

**v.**

**State of MISSISSIPPI; Mississippi State Board of Funeral Service; Dolores Kenney, in her official capacity as Executive Director of the Board; and Guy Roberts, Jr., James Miller, Charles Stephens, A. Wendell Stringer, Eddie Robinson, Jr., Nina Welch, and George Gulley, in their official capacities as Members of the Board Defendants**

**No. CIV.A. 3:99CV00737BN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Oct. 31, 2000.

Mem. in Supp. of Mot. to Stay Proceedings at 2.)

Lawrence E. Allison, Jr., Steven J. Allen, Brunini, Grantham, Grower & Hewes, Jackson, MS, for Plaintiff.

Eugene Carroll Stone, III, David B. Miller, Office of the Attorney General, Jackson, MS, for Defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Cross Motions for Summary Judgment of Plaintiff and Defendants as well as the Motion to Dismiss of Defendants Mississippi State Board of Funeral Service and the State of Mississippi. Having considered the Motions, Responses, Rebuttals, and all attachments to each, as well as supporting and opposing authority, the Court finds that Plaintiff's Motion for Summary Judgment is well taken and should be granted and Defendants' Motion for Summary Judgment is not well taken and should be denied. In addition, the Motion to Dismiss of Defendants Mississippi State Board of Funeral Service and the State of Mississippi is well taken and should be granted.

### I. Factual Background and Procedural History

The Mississippi State Board of Funeral Service Licensing Law ("the funeral statutes"), Miss.Code Ann. §§ 73–11–41 through 73–11–63, and the Mississippi State Board of Funeral Service Rules and Regulations ("the funeral regulations"), forbid anyone but those holding a "license for the practice of funeral service" or a "license for the practice of funeral directing" to engage in the "sale of funeral merchandise," except the "pre-need sale of funeral merchandise...." Miss.Code Ann. §§ 73–11–41(d)–(f); 73–11–51(1) (1999).[1] Consequently, it is a crime punishable by a fine of between $500 to $1,000, with the possibility of six months in prison, for anyone but a licensee to engage in the sale of

funeral merchandise. Miss Code Ann. § 73–11–59 (1999).

■ Plaintiff Casket Royale is a New Hampshire casket manufacturer that neither employs a funeral director nor owns or operates a funeral home. However, Casket Royale and its dealers, including Ricky Dancy of Direct Casket Sales and Larry Methany of L & K Casket Sale, have received cease and desist letters from the Mississippi State Board of Funeral Service threatening to initiate prosecution if they do not discontinue the unlicensed sale of caskets. Thus, unless Casket Royale or its dealers obtain licenses for the practice of funeral service, and sell the caskets out of licensed funeral establishments,[2] they cannot sell caskets in Mississippi that are manufactured by Casket Royale. Accordingly, Casket Royale has brought this suit under 42 U.S.C. § 1983 claiming that the funeral statutes and the funeral regulations are violative of both the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. In addition, Casket Royale also maintains that the licensing requirements violate the Privileges and Immunities Clause as well as the Interstate Commerce Clause of the United States Constitution. Casket Royale requests the following action of the Court: (1) a judgment declaring the funeral statutes and funeral regulations unconstitutional as applied to Casket Royale; (2) an order requiring Defendants to pay the attorneys' fees and costs incurred by Plaintiff in prosecuting this action; and (3) an injunction preventing Defendants from

---

1. The difference between a license for "funeral service" versus "funeral directing" is that one practicing funeral directing is deemed one who is engaged in funeral service who is not engaged in the practice of embalming. Miss.Code Ann. § 73–11–41(d)–(e). However, as the Court uses the term "licensee," it is meant to include both those engaged in "funeral directing" as well as "funeral services."

2. In addition to the requirement that casket dealers themselves be licensed, the funeral

statutes provide that "[t]he practice of funeral service or funeral directing must be engaged in at a licensed funeral establishment...." Miss.Code Ann. § 73–11–51(6) (1999). As a dealer engaged in the sale of funeral merchandise is deemed to be engaged in the practice of funeral service or the practice of funeral directing, caskets, as funeral merchandise, must be sold from licensed funeral establishments under the funeral statutes.

enforcing the funeral statutes and funeral regulations to prevent the unlicensed sale of caskets by Casket Royale.[3] Both parties agree that there are no genuine issues of material fact and that the Court may decide the case on the motions for summary judgment. The Court agrees and so finds.

## II. *Analysis*

### A. Jurisdiction

Defendants first assert that this Court does not have jurisdiction over two of the Defendants in this matter as the Eleventh Amendment to the United States Constitution prohibits suits against a state in federal court. Accordingly, it is Defendants' position that the State of Mississippi and the Mississippi State Board of Funeral Service are immune from suit in this instance. Casket Royale does not dispute this assertion.

[2] Defendants are correct in that a state cannot be sued in federal court without its consent. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). In addition, the Eleventh Amendment bar applies "regardless of the nature of the relief sought." *Id.* at 100, 104 S.Ct. 900 (citing *Missouri v. Fiske,* 290 U.S. 18, 27, 54 S.Ct. 18, 78 L.Ed. 145 (1933)). Therefore, the State of Mississippi and the Mississippi State Board of Funeral Service are entitled to Eleventh Amendment immunity from this suit and are hereby dismissed with prejudice from this action.

[3] However, as Defendants correctly note, the Eleventh Amendment does not prohibit suit against the executive director and the members of the Mississippi State Board of Funeral Service in their official capacities for injunctive relief. *See Pennhurst,* 465 U.S. at 102–03, 104 S.Ct. 900; *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Therefore, this suit may proceed against the members of the Board.

### B. Substantive Due Process

Casket Royale first contends that the requirement that caskets be sold only by licensees violates its substantive due process rights as guaranteed by the Fourteenth Amendment. Indeed, under the Due Process Clause, there is a liberty interest in the right of an individual to pursue a chosen occupation. *Conn v. Gabbert,* 526 U.S. 286, 291–92, 119 S.Ct. 1292, 143 L.Ed.2d 399 (1999); *Meyer v. Nebraska,* 262 U.S. 390, 399, 43 S.Ct. 625, 67 L.Ed. 1042 (1923). While this right is subject to regulation by the State of Mississippi, any such regulation must be "rationally related to legitimate government interests." *Washington v. Glucksberg,* 521 U.S. 702, 728, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997)(citing *Heller v. Doe,* 509 U.S. 312, 319–20, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993)).

[4] Therefore, when an economic regulation is challenged as violative of substantive due process, a court must determine whether: (1) the regulation has a legitimate governmental purpose; and (2) there is a rational relationship between that purpose and the means chosen by the State to accomplish it. *See id.* at 728, 117 S.Ct. 2258; *Exxon Corp. v. Governor of Md.,*

---

**3.** Defendants claim that because Ricky Dancy, a casket dealer in Meridian, is currently being prosecuted for violating the funeral statutes and funeral regulations, abstention is proper under the doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *Younger* abstention is based upon a "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Id.* at 41, 91 S.Ct. 746. The Court finds this argument to be without merit because, first, Dancy is not a party to this action, and second, should this court enjoin the members of the Mississippi State Board of Funeral Service from enforcing the funeral statutes and funeral regulations against unlicensed casket dealers, nothing in such an injunction issued by this court would be directed toward a state court which would in any way interfere with the pending prosecution of Dancy.

437 U.S. 117, 124–25, 98 S.Ct. 2207, 57 L.Ed.2d 91 (1978).

Defendants assert two purposes for the regulation. First, Defendants claim that the requirement contributes to the prompt disposition of human remains. Second, Defendants also maintain that the regulation provides consumer protection. Without need for further discussion, the Court finds both asserted purposes to be legitimate governmental interests. *See Turner Broadcasting System v. FCC,* 520 U.S. 180, 189–90, 117 S.Ct. 1174, 137 L.Ed.2d 369 (1997)(finding consumer protection to be a legitimate governmental interest); *Schenck v. Pro–Choice Network of Western N.Y.,* 519 U.S. 357, 375–76, 117 S.Ct. 855, 137 L.Ed.2d 1 (1997)(finding health and safety to be a legitimate governmental interest); *44 Liquormart, Inc. v. Rhode Island,* 517 U.S. 484, 502, 116 S.Ct. 1495, 134 L.Ed.2d 711 (1996)(consumer protection); *Hodel v. Virginia Surface Mining & Reclamation Ass'n,* 452 U.S. 264, 300, 101 S.Ct. 2352, 69 L.Ed.2d 1 (1981)(health and safety). Therefore, the issue before the Court is whether the licensing requirement in question, as applied to casket sales, is rationally related to furthering these interests.

### 1. The Prompt Disposition of Human Remains

■ Defendants argue that the requirement that caskets be sold only by licensees leads to the prompt disposal of human remains as it alleviates timing considerations and provides legal accountability for any failure to adhere to state guidelines regarding such disposition. As far as timing considerations, Defendants assert that time constraints become particularly important in cases where embalming or refrigeration cannot take place for religious or financial reasons, or as a matter of personal preference. Defendants also state that the restriction "alleviates potential delay occasioned by the ignorance or incompetence of an unlicensed seller or by the quality or remote physical location of his product." Memorandum Brief in Support of Defendants' Motion for Summary Judgment, at 7–8.

As for Defendants' first contention, where embalming or cremation cannot take place, Defendants have failed to show that the licensing requirement in any way speeds the process of burial. More importantly, Defendants have failed to provide any evidence that unlicensed dealers slow burial or cremation. While there is a legitimate governmental interest in the prompt disposition of an unpreserved human body, the regulation in question does not advance this interest as nothing inherent in the licensing requirement, at least in regard to a coffin, would offer a quicker burial or cremation.

In regard to Defendants' next contention, that the ignorance or incompetence of an unlicensed seller will impede the disposal of human remains, the Court finds this argument to be without merit. It does not make sense that any possible ignorance or incompetence of an unlicensed dealer would delay burial as such a dealer is selling what amounts to be a glorified box. The unlicensed seller is responsible only for delivering the casket and not for the preparation or burial of the body. Surely no special skills are necessary for this duty that would require the services and training of a licensee. As with the seller of any other merchandise, if an unlicensed casket dealer is unknowledgeable about his product or is incompetent in its delivery, that seller will do little to no business.

The same is also true in regard to Defendants' claim that the remote physical location of the product will delay burial or cremation. As most funerals are held within a few days of death on a day selected by the family of the deceased, it only makes sense that the family will only deal with a casket dealer that can deliver the casket in time to accommodate the schedule either by maintaining adequate inventory in the proximate area, or by developing the ability to quickly ship a coffin from a remote location. In addition, licensees deal with the same shipping and inventory

concerns of an unlicensed dealer that the funeral statutes do not resolve.[4] Therefore, for the reasons stated above, Defendants have failed to show that the limitation of casket sales to licensees advances the interest of Mississippi in the prompt disposition of human remains.

## 2. Consumer Protection

■ Defendants also contend that the licensing requirement advances the interest of Mississippi in consumer protection. Specifically, Defendants maintain that "[r]estricting such sales to licensees promotes consumer protection by insuring product knowledge and quality, preventing solicitation, and, most importantly, providing legal accountability." Memorandum Brief in Support of Defendants' Motion for Summary Judgment, at 5.

As far as product knowledge, Defendants assert that as part of their training, licensees visit casket manufacturing plants and are tested by the Mississippi State Board of Funeral Service in regard to the distinguishing characteristics of various types of caskets. In considering this argument, the Court notes that a casket is not a complex piece of equipment. While some caskets may have differing features such as the type of seal or locking mechanism that they employ, the primary differences among coffins relate to the materials from which they are constructed. As such, these differences are fairly obvious to the lay person. Accordingly, this Court finds that any special training that licensees may receive does not advance consumer protection. If anything, such training only advances customer service which the Court does not find to be a legitimate governmental interest.

In regard to product quality, the Court is equally unconvinced as the Mississippi legislature has not seen fit to prescribe guidelines for the quality of caskets. In addition, the licensing requirement in no way promotes product quality as licensees

have nothing to do with the production or construction of the casket. Instead, licensees obtain their inventory from the same manufacturers as would-be nonlicensed dealers. Even assuming that casket quality is a legitimate governmental interest in the area of consumer protection, this regulation in no way promotes such quality.

The Court next considers the issue of solicitation. Defendants are correct in that Mississippi law does prevent licensees from soliciting "dead human bodies." Miss.Code Ann. § 73–11–57(1) (1999). However, such a prohibition does not prevent a licensee from soliciting a casket sale from family members of the deceased as long as the licensee is not soliciting the body. Theoretically, a licensee who operates a funeral home who contacts the family of the deceased and offers only to sell a casket would not technically be in violation of the statute. Naturally, the licensee would want to solicit the body for preparation and burial by the funeral home, but there is nothing that would stop such a casket sale solicitation. Therefore, the regulation itself does not prohibit the solicitation that Defendants claim its purpose is to prevent. If the goal of the licensing provisions is to prohibit the solicitation of casket sales from the family of the bereaved, the statute fails to accomplish this as licensees are free to engage in such activity as long as they are not soliciting a "dead body." Without ruling on whether the prevention of solicitation of casket sales is a legitimate governmental interest under the guise of consumer protection, the Court finds that the regulation is not rationally related to the advancement of the interest of Mississippi in consumer protection as it does not prevent solicitation.

Defendants' final contention is that the regulation provides legal accountability and protects "consumers from fraudulent

**4.** Although the funeral statutes do require that a funeral establishment contain an "adequate casket vault selection room," they do not set

forth a specific casket inventory requirement. Miss.Code Ann. § 73–11–55(3)(a) (1999).

or incompetent licensees." Memorandum Brief in Support of Defendants' Motion for Summary Judgment, at 6. However, under the funeral statutes, the only recourse against an unscrupulous licensee is the revocation of that licensee's ability to act as a funeral director or provide funeral services. Nowhere in the regulation is recourse given to the consumer who is the victim of such practices. Instead, the consumer of ordinary goods is given recourse by the consumer protection laws of Mississippi under which a buyer may bring an action against a seller to recover any monetary loss as a result of a seller's fraudulent practices. *See* Miss.Code Ann. § 75–24–15(1) (1999). Accordingly, the Court finds that the "legal accountability" under the regulation is not rationally related to consumer protection as it gives the consumer no recourse to recover damages for the practices of deceptive or fraudulent licensees.

This Court ultimately finds that the requirement that only licensees be allowed to sell caskets not only fails to advance the interest of Mississippi in consumer protection, it actually diminishes it. As a result of this requirement, consumers in Mississippi are offered fewer choices when it comes to selecting a casket. Consequently, there is less price competition among the sellers of caskets. Ultimately, the consumer is harmed by this regulation as one is forced to pay higher prices in a far less competitive environment.

For example, Defendants assert that "Mississippi funeral homes mark up the price of caskets an *industry-standard* 250–300%." Memorandum in Support of the Motion for Summary Judgment of Plaintiff Casket Royale, at 3 (emphasis in original). Defendants do not dispute this assertion. The Federal Trade Commission has recognized the harm that non-disclosure of casket prices inflict upon consumers by requiring that funeral providers itemize the cost of a funeral so that purchasers know exactly how much they are paying for each aspect of the service, including the coffin.

*See* 16 C.F.R. § 453.2(a). Also, the FTC requires that a funeral provider must give "a printed or typewritten list to people who inquire in person about the offerings or prices of caskets or alternative containers." 16 C.F.R. § 453.2(b)(2)(i). As the Third Circuit has found, these regulations promulgated by the FTC were:

> premised on evidence that consumers are uniquely disadvantaged when they purchase funeral services after the death of a loved one.... Additionally, the evidence showed that funeral service providers often sold only preselected packages of goods and services such that consumers were forced to purchase goods and services that they did not want.

*Pennsylvania Funeral Directors Ass'n, Inc. v. Federal Trade Comm'n*, 41 F.3d 81, 83 (3d Cir.1994). Although Defendants have made no reference to this regulation, it is clear that the FTC has found that there is a necessity in protecting consumers from the pricing practices of the funeral industry, especially in regard to casket sales. The Mississippi funeral statutes, on the other hand, restrict competition and limit casket sales to the licensed few, accomplishing just the opposite. Accordingly, the Court finds that not only are the funeral statutes not rationally related to the interest of Mississippi in consumer protection, they actually harm the persons that they supposedly protect.

Therefore, because Defendants have failed to show a rational relationship between the regulation and the advancement of the purported interests of the prompt disposition of human remains and the protection of consumers, this Court finds that the requirement of the funeral statutes and funeral regulations that caskets be sold only by licensees violates the Due Process Clause of the Fourteenth Amendment.

### C. Equal Protection

Casket Royale next contends that the funeral statutes and funeral regulations violate the Equal Protection rights

of Casket Royale as secured by the Fourteenth Amendment by distinguishing between licensed and unlicensed casket sellers and limiting casket sales to those holding the required licenses. Where a plaintiff is not of a suspect class nor where a fundamental right is involved, a licensing requirement violates the Equal Protection Clause only where there is no "rational relationship between the disparity of treatment and some legitimate governmental purpose." *Central State University v. American Ass'n of University Professors,* 526 U.S. 124, 127–28, 119 S.Ct. 1162, 143 L.Ed.2d 227 (1999)(citing *Heller,* 509 U.S. at 319–21, 113 S.Ct. 2637). Accordingly, the role of the Court is to determine whether there is a rationality between the stated purpose of Mississippi and the means chosen to carry out the same.

■ Again, Defendants maintain that the purpose of Mississippi in discriminating against unlicensed casket retailers is to ensure the prompt disposition of human remains and the protection of consumers. However, for the reasons stated above, there is no rational relationship between these interests and such discrimination. For this reason, the Court finds that the funeral statutes and funeral regulations violate the Equal Protection Clause of the Fourteenth Amendment.

### III. Conclusion

Nothing in the ruling of this Court takes away from the basic Mississippi regulatory scheme for the funeral industry. All of those statutes and regulations remain intact with certain exceptions. Miss.Code Ann. § 73–11–41(f) which defines "Practice of funeral service" to include the selling of funeral merchandise and Miss.Code Ann. § 73–11–51(1) which allows only licensees to engage in the practice of funeral direct-

ing or funeral services violate the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution as applied to the sale of caskets.[5] A judgment will enter this day enjoining Defendants from preventing persons unlicensed in the practice of funeral directing or funeral services from operating their legitimate retail casket business.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment [23–1] is well taken and is hereby granted.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment [24–1] is not well taken and is hereby denied.

IT IS FURTHER ORDERED that the Motion to Dismiss of Defendants Mississippi State Board of Funeral Services and the State of Mississippi [24–1] is hereby granted and Defendants Mississippi State Board of Funeral Service and the State of Mississippi are hereby dismissed from the above captioned cause of action with prejudice.

IT IS FURTHER ORDERED that Defendants shall, pursuant to 42 U.S.C. § 1988(b), pay the reasonable costs and attorneys' fees incurred by Plaintiff in prosecuting this action. Plaintiff shall submit to the Court by November 16, 2000, its motion for attorneys' fees and supporting attachments in accordance with Rule 54.2 of the Uniform Local Rules of the United States District Courts for the Northern District and Southern District of Mississippi. Defendants shall reply by November 30, 2000. If Plaintiff desires to submit a rebuttal, it shall do so by December 7, 2000.

---

**5.** The Court notes that Casket Royale has also asserted that the funeral statutes also violate the Privileges and Immunities Clause as well as the Interstate Commerce Clause. As this Court has ruled that the funeral statute as applied to casket dealers is unconstitutional under both a Due Process and Equal Protection analysis, this Court need not reach a determination on these two remaining issues.