OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

May 15, 2002

Mr. O.C. "Chet" Robbins
Executive Director
Texas Funeral Service Commission
333 Guadalupe, Suite 110
Austin, Texas 78701

Opinion No. JC-0505

Re: Whether a casket constitutes "funeral merchandise" for purposes of Chapter 651 of the Occupations Code, and related questions (RQ-0477-JC)

Dear Mr. Robbins:

You have asked this office three questions: whether a casket constitutes funeral merchandise; whether the sale of a casket for the burial of a person deceased at the time of the sale constitutes an act of funeral directing, if all that is being sold is the casket and no services associated with the disposition of the body are being provided; and, if so, whether such a sale violates section 651.459(a)(7) of the Occupations Code if the seller is not an employee, agent, subcontractor or assignee of a licensed funeral home.[1] We conclude that, while a casket indeed constitutes funeral merchandise, the simple sale of a casket, without more, is not an act of funeral directing and accordingly does not violate the provision about which you ask.

Texas law distinguishes between prepaid funeral arrangements, authority over the licensing of which is vested in the Finance Commission by chapter 154 of the Finance Code, and funeral directing, which under chapter 651 of the Occupations Code is the province of the Funeral Service Commission. Request Letter, *supra* note 1, at 2. We understand your question to be confined to the sale of caskets at the time they are needed for the immediate disposition of a dead human body, and it is that situation that we will address.

Section 651.459 of the Occupations Code provides, in relevant part

(a) A person violates this chapter if the person:

. . . .

(7) performs acts of funeral directing or embalming in a capacity other than that of an employee, agent, subcontractor, or

---

[1]Letter from Mr. O.C. "Chet" Robbins, Texas Funeral Service Commission, to Honorable John Cornyn, Texas Attorney General, at 2 (Dec. 6, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

> assignee of a licensed funeral establishment that has contracted to perform those acts.

TEX. OCC. CODE ANN. § 651.459(a)(7) (Vernon 2002). Section 651.001 of the Occupations Code defines "[f]uneral directing" as

> *acts associated with or arranging for the disposition of a dead human body*, performed by a person for compensation, from the time of first call until:
>
>> (A) inurnment, interment, or entombment services are complete; or
>>
>> (B) the body is permanently transported out of this state.

*Id.* § 651.001(7) (emphasis added). "First call" is defined in relevant part as

> the beginning of the relationship and duty of a funeral director *to take charge of a dead human body and have the body prepared for burial or disposition* by embalming, cremation, or another method.

*Id.* § 651.001(5) (emphasis added). The same section further defines "[f]uneral merchandise" as

> merchandise sold primarily for use in:
>
>> (A) a funeral ceremony;
>>
>> (B) embalming; or
>>
>> (C) the care and preparation of a dead human body for burial, cremation, or other disposition.

*Id.* § 651.001(9).

The Occupations Code does not define the particular acts which are acts of funeral directing, nor does it more particularly describe funeral merchandise. Accordingly, you seek to know whether a casket is such merchandise, and whether the sale of a casket for an imminent burial, without more, constitutes funeral directing. *See* Request Letter, *supra* note 1, at 2.

As we understand it, the question arises because there are now commercial enterprises which market caskets, but provide no other funeral services. *See, e.g., Casket Royale, Inc. v. Mississippi,* 124 F. Supp. 2d 434, 436 (S.D. Miss. 2000); *Craigmiles v. Giles,* 110 F. Supp. 2d 658, 660 (E.D. Tenn. 2000); *State ex rel. State Bd. of Embalmers and Funeral Directors v. Stone Casket Co.,* 976

P.2d 1074, 1075 (Okla. App. 1998). We take it that your concern is whether such enterprises are engaged in the activity you have jurisdiction to regulate.

We conclude that a casket is certainly funeral merchandise. The definition of funeral merchandise, as set forth above, includes "merchandise sold primarily for use in . . . the care and preparation of a dead human body for burial . . . ." TEX. OCC. CODE ANN. § 651.001(9)(C) (Vernon 2002). The Oxford English Dictionary defines casket in the sense intended here as "A coffin. *U.S.*" II OXFORD ENGLISH DICTIONARY 941 (2d ed. 1989). It further defines coffin as "The box or chest in which a corpse is enclosed for burial." III OXFORD ENGLISH DICTIONARY 440 (2d ed. 1989). Similarly, Webster's New International Dictionary, Second Edition defines casket as "A coffin, esp. an expensive one. *Chiefly U.S.*," and coffin as "A chest or case for the reception of a corpse, commonly of wood or metal." WEBSTER'S NEW INTERNATIONAL DICTIONARY, SECOND EDITION 416, 519 (1947). As these definitions make plain, a casket is used primarily to receive a dead body, and consequently is within the statutory definition of funeral merchandise.

In addition to this authority, common experience justifies one in describing a casket as funeral merchandise, in the statute's sense of "merchandise sold primarily for use in a funeral ceremony." *See* TEX. OCC. CODE ANN. § 651.001(9)(A). While a small number of caskets may be sold for other uses, such as to serve as theatrical props, we think it safe to assume that the vast majority are used for that purpose for which they were designed, as repositories for dead human bodies. A casket, then, is in our view one of the items clearly contemplated by the statutory definition of "funeral merchandise" in section 651.001 of the Occupations Code. *See id.* § 651.001(9).

However, while a casket is funeral merchandise, the sale of caskets alone does not constitute the practice of funeral directing. While it might be argued that such sales are "associated with . . . the disposition of a dead human body," in the sense that the caskets are sold to those who intend to use them for that purpose, no "first call" occurs in this context, and the sale does not directly involve the disposition of a body. *See id.* § 651.001(7). It is clear from the statutory definition of "first call," as set out above, that what distinguishes a funeral director is the "duty . . . to take charge of," and prepare for burial or other disposition, a dead human body. *See id.* § 651.001(5). Absent such a duty, the activity under discussion here is not funeral directing.

Moreover, there would be other consequences to a contrary interpretation that this activity constitutes funeral direction. Pursuant to section 651.602 of the Occupations Code, it is a criminal offense to act as a funeral director without a license. *See id.* § 651.602(a)(1). "An offense under this section is a Class B misdemeanor." *Id.* § 651.602(b). Accordingly, were we to conclude that the sale of a casket was engaging in funeral directing without a license in violation of section 651.459(a)(7), it would be a criminal offense. *See id.* § 651.602. But it is well-established that penal statutes should be strictly construed. *See, e.g., Domizio v. Progressive County Mut. Ins. Co.,* 54 S.W.3d 867, 872 (Tex. App.–Austin 2001, pet. denied) (usury statutes, because penal in nature, must be strictly construed); *Hoxie Implement Co., Inc. v. Baker,* 65 S.W.3d 140, 153 (Tex. App.–Amarillo 2001, pet. denied) (same); *Martin v. Harris County Appraisal Dist.,* 44 S.W.3d 190, 195 (Tex.

App.–Houston [14th Dist.] 2001, pet. denied) (attorneys' fee recovery provisions penal in nature, to be strictly construed); *Thomas v. State*, 3 S.W.3d 89, 92 (Tex. App.–Dallas 1999, judgm't aff'd) (Texas Securities Act penal, to be strictly construed). We would be loath to imply potential criminal liability in the context presented.[2]

---

[2]We note that federal courts in at least two jurisdictions have recently struck down state statutes that explicitly proscribed the sale of caskets without a funeral director's license as unconstitutional. *Casket Royale, Inc.*, 124 F. Supp. 2d at 440 (Mississippi statute fails "rational relationship" test and violates Due Process and Equal Protection clauses); *Craigmiles*, 110 F. Supp. 2d at 660 (Tennessee statute does same); *but see Stone Casket Co.*, 976 P.2d at 1076 (Oklahoma statute held to have rational basis in protection of public health).

## S U M M A R Y

While a casket constitutes funeral merchandise for the purposes of chapter 651 of the Occupations Code, the sale of a casket for an imminent burial, without more, does not constitute an act of funeral directing.

Yours very truly,

JOHN CORNYN
Attorney General of Texas


HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee